**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. No. 2106005153
)
DESMOND ELLIOTT, )
)
Defendant. )

**ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION
OF COMMISSIONER'S AUGUST 19, 2021 ORDER**

Submitted: September 27, 2021
Decided: December 8, 2021.

Defendant, Desmond Elliott ("Elliott"), has filed a Motion for Reconsideration of Commissioner's August 19, 2021 Order. For the reasons that follow, Defendant's Motion for Reconsideration is DENIED.

Elliott was involved in a shooting that took place on June 8, 2021 at 1 Ethan Allen Court in Newark, Delaware. When officers arrived at the scene, they located the victim inside the residence suffering from a gunshot wound and deceased. Mr. Elliott was also suffering from a gunshot wound which later required surgery. After being read his *Miranda* rights, Elliott told officers that he possessed the murder weapon along with another firearm that was discovered at the residence. Elliot told officers that the decedent, prior to coming to the residence, had threatened to kill a woman and three children who also lived at the residence. Elliott further told officers

1

that the two engaged in a fight at the top of the steps leading to the second floor, that he was losing the fight and so he retrieved a firearm from the bathroom. Elliott told officers that he placed the firearm in the bathroom in anticipation of the decedent coming to the residence. Elliott did end up shooting the decedent, and it was later determined by autopsy that the decedent was shot seven (7) times.

Elliott also told officers that he was a member of the Bloods Street Gang. Ultimately, Elliott was arrested for two (2) counts of Possession of a Firearm by a Person Prohibited ("PFBPP") and one (1) count of Receiving a Stolen Firearm.

On June 9, 2021, Elliott, was arraigned in the Justice of the Peace and a magistrate set bail in the amount of $43,000 unsecured. The following day, June 10, 2021, the State filed a Motion to Increase Bail in the Court of Common Pleas setting forth that the previously set bail was insufficient to secure Defendant's appearance at trial and to protect the community. A video hearing was held on June 10, 2021 by the Court of Common Pleas. At the time of this hearing Elliott was located in his hospital room recovering from surgery. At that time, Elliott had not retained counsel and was not represented by counsel. The Court of Common Pleas Judge noted this on the record. After hearing the parties on the issue of bail, the Court of Common Pleas increased bail to $300,000 cash.

On July 15, 2021, by counsel, Elliott filed a Motion To Rescind the Order dated June 10, 2021 Modifying Bail. Additionally, Elliott requested that the Court

reimpose the $43,000 unsecured bail that had been set by the Justice of the Peace. A hearing was held on July 15, 2021 in this Court before Superior Court Commissioner Salomone. At this hearing, Elliott maintained that his Sixth Amendment Right to Counsel had been violated because he was not represented at the June 10, 2021 hearing by counsel. The Commissioner requested that the parties submit supplemental filings in support of their positions.

On August 19, 2021, a second hearing was held before Superior Court Commissioner Parker. Commissioner Parker explained that the Court was looking at the case anew. At the hearing Commissioner Parker granted Elliott's Motion to Rescind the June 10, 2021 Order increasing bail. After considering all of the evidence, Commissioner Parker set bail in the amount of $300,000 cash.

Defendant has now moved this Court to Rescind the Commissioner's August 19, 2021 Order and impose unsecured bail to cure the violation of Mr. Elliott's right to due process and right to counsel at the June 10, 2021 hearing.

This Court will assume that Elliott's Sixth Amendment right to counsel was violated when the June 10, 2021 Court of Common Pleas hearing went forward without Elliott having the assistance of counsel. Where a Sixth Amendment violation occurs our jurisprudence requires that the remedy for such a violation be tailored to the injury suffered.[1] In tailoring the remedy the interests supporting the Sixth

---

[1] *State v Robinson*, 209 A.3d 25, 49 (Del. 2019).

Amendment right, meant to assure fairness in the adversary criminal process, must be reconciled with society's competing interest.[2] In this case, that competing interest is assuring Elliott's attendance at trial and that Elliott will not pose a danger to the community if he is released. The relief Elliott is requesting from this Court – imposition of the $43,000 unsecured bond originally set by the Justice of the Peace court – is not an appropriate remedy that is tailored to the injury suffered. To adopt Elliott's position does not reconcile his rights to society's rights. It does not take into consideration whether Elliott will appear for trial and whether Elliott's release poses a danger to the community. The appropriate tailored remedy in this case is to have a new bail hearing where counsel is present, which is exactly what occurred before Commissioner Parker on August 19, 2021.

At the August 19, 2021 hearing before Commissioner Parker the previous bail was rescinded and new bail was imposed in the amount of $300,000. In setting bail at $300,000, Commissioner Parker noted that she was looking at the case anew and considered that:

> [Elliott] was admittedly a member of a gang. Instead of calling the police[, once alerted to the decedent's threat,] he just waited. He used a gun. Clearly the person was shot dead. $300,000 in this case with a person prohibited, that's fair and reasonable under the facts and circumstances of the case."[3]

---

[2] *Id.*

[3] Transcript of August 10, 2021 Bail Hearing (attached to Defendant's Motion For Reconsideration as Exhibit F), at 8 (13-18).

Additionally, Commissioner Parked noted that while $300,000 is outside the guidelines, "that's what guidelines are, they are simply guidelines, and there's overrides in cases like this."[4] Commissioner Parker further explained her decision by noting that she was setting bail at $300,000 "because these are signal offenses… and as I look at it anew, I find the facts and circumstances warrant the setting of the $300,000 cash bail."[5] In short, Commissioner Parker granted Elliott the relief he requested – rescission of the July 10, 2021 Order increasing bail to $300,000 – however, in lieu of this relief, the Commissioner, after looking at the facts and circumstances anew, imposed $300,000 cash bail finding it to be appropriate.

In *State v. Perkins*[6], this Court explained:

> That the Court has agreed to consider the matter of bail again does not mean that it will ignore the commissioner's prior decision on this issue. Superior Court commissioners are specifically authorized by court rule to set and review bail in this court, and they regularly address such matters in weekly motion calendars. Accordingly, our court commissioners have developed not only a unique expertise in bail and bail related issues, but also, as important, a global perspective and sense of proportion in the highly subjective realm of determining appropriate bail amounts and conditions of release for particular crimes. The commissioners' decisions on bail are not subject to review under Rule 62(a)(4). Accordingly, like any other judicial decision rendered during the life of a case, a commissioner's decision on a motion to modify bail is entitled to deference under the law of the case doctrine. As the law of the case, the commissioner's decision with respect to bail "must stand unless th[e] ruling w[as] clearly in error or there has been an important change in circumstance."[7]

---

[4] *Id.* at (18-21).
[5] *Id.* at 9 (3-9).
[6] 2004 WL 1172894 (Del. May 21, 2004).
[7] *Id.* at 1.

5

This Court finds that the August 19, 2021 hearing where Commissioner Parker addressed the bail issue anew was the proper tailored remedy to correct the violation of Elliott's Sixth Amendment right to counsel. Further, the Commissioner's August 19, 2021 Order was not clearly erroneous, contrary to law, nor have there been important changes in circumstances warranting reconsideration of bail.[8] Therefore, this Court **DENIES** Defendant's Motion for Reconsideration of Commissioner's August 19, 2021 Order.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

Original to Prothonotary

cc:    James McCloskey, Esquire
       Elise K. Wolpert, Esquire

---

[8] *See id.* (Bail "must stand unless th[e] ruling w[as] clearly in error or there has been an important change in circumstances."); State *v. Thompson*, 2020 WL 131686, at *1 (Del. Super. Ct. March 16, 2020) ("[A] judge may reconsider any hearing or pretrial matter only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or contrary to law.").